# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| STATE LINE BAG CO., LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-00737-DGK |
| | ) |
| COMPANIONLABS SYSTEMS, INC., | ) |
| d/b/a HUMAN UNLIMITED, | ) |
| f/k/a HUMAN UNLIMITED, LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER ON DISCOVERY DISPUTE

This case is a dispute over plastic bags costing $1.322 each. Defendant CompanionLabs Systems, Inc., ("CompanionLabs") sells t-shirts to the public, and previously packaged its shirts in bags obtained from Plaintiff State Line Bag Co., LLC ("State Line Bag").

Now before the Court is a discovery dispute concerning Plaintiff's response to twenty-one of Defendant's interrogatories and requests for production of documents. After reviewing the parties' memoranda regarding the discovery dispute (Docs. 18 and 19) and hearing argument from counsel during a teleconference held on March 27, 2018, the Court grants in part and denies in part Defendant's motion for discovery.

**Background**

CompanionLabs purchased plastic bags from State Line Bag on a purchase-order basis. At some point, State Line Bag procured 100,000 bags (the "disputed bags") from its supplier with the understanding that CompanionLabs would purchase them. State Line Bag alleges the agreed upon price for these bags was $1.322 each. The bags are customized with CompanionLabs's logo, although it's unclear whether the bags were purchased from the supplier

customized or whether State Line Bag customized the bags. CompanionLabs subsequently terminated its business relationship with State Line Bag without purchasing the disputed bags.

State Line Bag filed a two-count lawsuit for breach of contract and promissory estoppel in Jackson County, Missouri, seeking $132,200 in damages ($1.322 per bag multiplied by 100,000 bags). CompanionLabs removed the case to this Court and asserted several defenses including: (1) the parties did not have a contract; (2) the bags are a fungible item and not custom; and (3) it did not approve or ratify State Line Bag's purchase of 100,000 bags. CompanionLabs also challenges State Line Bag's damages calculation.

CompanionLabs served interrogatories and request for production of documents. State Line Bag objected to twenty-one interrogatories and requests on two grounds: (1) the information or documents are not relevant or material to the issues in the case; and (2) "that the information sought is confidential and proprietary in nature, and the release of such information would seriously jeopardize, and be detrimental to, Plaintiff's business." *See* (Doc. 18-3). The discovery requests can be categorized into two categories: (1) information pertaining to the purchase-order derived orders; and (2) the disputed bags order.

**Discussion**

State Line Bag generally states that the information sought is not relevant. It also argues revealing information related to its suppliers and costs would be detrimental to its business because nothing would prevent CompanionLabs from doing business directly with State Line Bag's suppliers. State Line Bag states a protective order would not provide sufficient protections.

CompanionLabs argues all of the information sought is relevant to the central issues in this case namely: (1) the identity and correspondence between State Line Bag and its suppliers

2

goes to the timeline of events and the issue of contract formation, the contract's terms, and promissory reliance; (2) information about whether the bags were custom-made is relevant to the contract's terms, breach, damages, and promissory reliance; (3) information about the manufacturing costs of the disputed bags is relevant to the measure of damages under a lost profits model; (4) the wholesale costs of the disputed bags is relevant to a contract-market or contract-resale damages model; and (5) information about wholesale vendors is relevant to the marketplace for the disputed bags and the measure of damages.

A party generally may obtain discovery regarding any non-privileged matter that is relevant to any claim or defense if it is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." *Id.* The rule requires a party objecting to discovery to show specifically how each discovery request is irrelevant or otherwise not subject to discovery. *See Id.* at 33(b)(4), 34(b).

The Court finds information relating to the disputed bags is discoverable because it is the central issue of this case, whether a contract was formed, the contract's terms, calculation of damages, and State Line Bags's promissory estoppel claim. Additionally, whether CompanionLab's logo was applied to the disputed bags by a supplier or State Line Bag is relevant to the issue of whether the bags are specially manufactured, custom goods. Accordingly, CompanionLabs's request for discovery is granted as to interrogatories 6, 7, 8, 9 (to the extent 9 is limited to the disputed bags), 10, and 12 (limited to the disputed bags), and requests for production 8, 9, 13, 14 (limited to the disputed bags), 15, and 16.

At this time, information relating to orders State Line Bag made with its suppliers for orders not concerning the disputed bags is not relevant. Accordingly, CompanionLabs's request

for discovery is denied without prejudice as to interrogatories 3, 4, and 5, and requests for production 1, 2, 3, 4, 5, and 6. If, through the course of this litigation, additional information is uncovered that could support a finding that other orders with State Line Bag's suppliers may be relevant, the parties can revisit this issue.

Finally, the Court understands State Line Bag's concern with revealing certain trade information with CompanionLabs. However, that does not shield the information from discovery. The Court encourages the parties to work together to develop a mutually agreeable solution to address State Line Bag's concerns, whether that is a protective order or another solution.

**IT IS SO ORDERED.**

Date: March 29, 2018          /s/ Greg Kays
                              GREG KAYS, CHIEF JUDGE
                              UNITED STATES DISTRICT COURT